**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SONJA KAJANDER, | ) | No. CV-08-1172-PHX-GMS (GEE) |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| THERESA SCHROEDER, et al., | ) | |
| Respondents. | ) | |

Pending before the Court is the Petition for Writ of Habeas Corpus of Petitioner Sonja Kajander, filed pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) On December 1, 2008, Magistrate Judge Glenda E. Edmonds issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed. (Dkt. # 17.) Both Petitioner and Respondents filed objections to the R&R. (Dkt. ## 18, 19.)   For the following reasons, the Court adopts the R&R of Magistrate Edmonds subject to the additional findings in this order and dismisses the Petition with prejudice.

## BACKGROUND

On May 27, 2005, Petitioner was found guilty of aggravated driving while under the influence of intoxicating liquor or drugs. On July 8, 2005, Petitioner was sentenced to ten years imprisonment pursuant to her conviction.  The R&R sets forth the factual and

procedural background of this case, to which neither party objected. Accordingly, the Court adopts this background as an accurate recital.

In her § 2254 action, Petitioner asserts that she was denied her Sixth and Fourteenth Amendment rights to a public trial when her case was referred to a court commissioner appointed as a judge pro tempore ("'public trial' claim"). (Dkt. # 1.) Magistrate Edmonds recommended that the Petition be denied and dismissed because Petitioner failed to exhaust her "public trial" claim in the Arizona state courts.

## STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made.").

**DISCUSSION**

Both Petitioner and Respondents filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1). (Dkt. ## 18, 19.) Having conducted a *de novo* review of the record on all relevant matters, the Court will address the objections.

**I.    Petitioner's Objections**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court may not grant habeas relief unless Petitioner has exhausted her claims in state courts, there is an absence of available state corrective process to exhaust the claim, or circumstances exist which render the state process ineffective to protect Petitioner's rights. 28 U.S.C. § 2254(b)(1).

Petitioner objects to Magistrate Edmonds' conclusion that the exhaustion requirement bars habeas review of her "public trial" claim and disputes the conclusion "that Petitioner should have filed her claim by direct appeal following her conviction and sentencing." (Dkt. # 19 at 2.) In support of her objections, Petitioner argues that: (1) the exhaustion requirement is satisfied despite her failure to present her "public trial" claim on direct appeal to the Arizona Court of Appeals (*Id.* at 2-4); (2) neither the Arizona Court of Appeals nor the Arizona Supreme Court could have or would have granted relief because both declined jurisdiction in her special action (*Id.* at 5-6); (3) there is an absence of state corrective process (*Id.* at 10); (4) circumstances exist that render Arizona's corrective process ineffective to protect her rights (*Id.*); (5) the exhaustion requirement may be excused because the Arizona Court of Appeals could not modify or overrule the supreme court's pro-tempore order (*Id.* at 4-5); (6) the exhaustion requirement may be excused because the Arizona

- 3 -

Supreme Court has already rejected the very claim she asserts (*Id.* at 6-7); (7) her "public trial" claim is exhausted because she provided proper notice of the claim to the Arizona Court of Appeals in her direct appeal (*Id.* at 5); and (8) Respondents waived the exhaustion requirement when they responded to the merits of her "public trial" claim (*Id.* at 11).[1]  This Court rejects each of these assertions.

**A.      Arguments 1 - 4 – Exhaustion Requirement/Procedural Default**

Before seeking a federal writ of habeas corpus, a state prisoner must give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *see Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (holding that "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims") (citations omitted); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("A habeas petitioner must give the state courts the first opportunity to review any claim of federal constitutional error before seeking federal habeas review of that claim.") (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)).  To provide the

---

[1] Petitioner also argues that her "habeas petition is actionable in the United States District Court because Issue 6 [was] raised by the defendant by direct appeal and Petition for Review in the Arizona Supreme court." (Dkt. # 19 at 9.) Issue 6 of Petitioner's direct appeal is a claim that her constitutional due process rights were violated by prosecutorial misconduct during her trial. It appears that Petitioner is asserting that because she raised a possible constitutional claim on direct appeal, she may raise a different constitutional claim in her habeas petition.  Petitioner is incorrect because "[a] habeas petitioner must give the state courts the first opportunity to review *any claim of federal constitutional error* before seeking federal habeas review of that claim." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)) (emphasis added). While Petitioner may have exhausted her "Issue 6" claim, Petitioner's "public trial" claim is not properly raised unless it too has been properly exhausted.

- 4 -

state with the necessary "opportunity," the prisoner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan*, 513 U.S. at 365; *O'Sullivan*, 526 U.S. at 845). Ordinarily, "[t]o exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack [her] conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).[2] As Magistrate Edmonds points out, despite raising her "public trial" claim in a special action petition, Petitioner did not renew the claim on direct appeal and has not filed a Rule 32 petition. (*See* Dkt. # 17 at 2.)

Petitioner argues, citing *Taliaferro v. Taliaferro*, 186 Ariz. 221, 921 P.2d 21 (1996), that she was required to present her "public trial" claim by special action, and, if done, the claim would be properly exhausted or exhaustion would be excused. (Dkt. # 19 at 4.) *Taliaferro*, however, holds only that, upon a denial of a peremptory challenge to a judge, the objecting party must "seek immediate judicial review" in the form of special action "or forever hold their peace." *Id.* at 224, 921 P.2d at 24. The court imposed this requirement because peremptory challenges are "a matter of grace" and errors arising from such are "not

---

[2] Petitioner appears to argue that because she filed a state habeas petition containing her "public trial" claim, the exhaustion requirement was satisfied. (Dkt. # 19 at 7-8.) However, as Magistrate Edmonds explained, "exhaustion may not be accomplished through a state petition for writ of habeas corpus." (Dkt. # 17 at 5); *see also Roettgen*, 33 F.3d at 38. Additionally, Petitioner's argument that the Arizona Supreme Court's handling of her state petition for habeas corpus violated the Arizona Constitution is not an argument properly made at the present time because federal habeas relief is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

well suited to an appeal after final judgment." *Id.* at 223-24, 921 P.2d at 23-24. Here, Petitioner's "public trial" claim does not flow from the denial of a peremptory challenge to a judge, but from a motion for change of judge for cause. (*See* Dkt. # 15 Ex. C.) Petitioner, in her motion for a change of judge for cause, argued that Judge Cunanan's "assignment [was] without lawful authority and [was] in violation of Maricopa County Local Rule 4.3 [and] . . . Rule 96(11) of the Rules of the Supreme Court." (Dkt. # 15 Ex. C at 1-2.) Consequently, neither the reasoning nor holding of *Taliaferro* are applicable to the facts of this case.

Petitioner's special action and resulting appeal to the Arizona Supreme Court, in which her "public trial" claim was raised, did not satisfy the requirement that Petitioner "must 'fairly present' [her] claim in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin*, 541 U.S. at 29 (citing *Duncan*, 513 U.S. at 365; *O'Sullivan*, 526 U.S. at 845). "Claims are not fairly presented if they are raised in a procedural context in which the merits will not be considered absent special circumstances." (Dkt. # 17 at 4 (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989).) Therefore, the Court agrees with Magistrate Edmonds' conclusion that Petitioner's special action and subsequent appeal to the Arizona Supreme Court "fall outside of the normal review process and may not be used for federal habeas exhaustion purposes."[3] (Dkt. # 17 at

---

[3]On January 23, 2009, Petitioner filed a motion to supplement the record (Dkt. # 23) which the Court granted (Dkt. # 25). In her motion, Petitioner requests that the Court consider several exhibits that she argues are relevant to whether she had raised her "public trial" claim by direct appeal. (Dkt. # 23 at 3-4.) While the exhibits appear to support the notion that Petitioner presented her "public trial" claim in her special action and on appeal the Arizona Supreme Court, the proposed exhibits are not relevant to whether Petitioner fairly presented her "public trial" claim to the court of appeals in her direct appeal after her

- 6 -

5.); *see also* Ariz. R. Spec. Actions § 1 ("Except as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal."); *Burns v. McFadden*, 34 Fed. Appx. 263, 265 (9th Cir. 2002) (holding that a habeas petitioner did not exhaust state remedies by presenting his claim in a petition for special action); *Little v. Schriro*, No. CV-06-2591-PHX-FJM, 2008 WL 2115230, at *12 (D. Ariz. May 19, 2008) (same); *Craig v. Schriro*, CV-06–0626-PHX-PGR, 2006 WL 2872219, at *10 (D. Ariz. Oct. 5, 2006) (same); *Rodriquez v. Klein*, No. CV05 3852PHX-NVW, 2006 WL 1806020, at *4 (D. Ariz. June 28, 2006) (same).  Here, Petitioner expressly chose not to pursue the "public trial" claim on direct appeal even though she could have presented the claim. (*See* Dkt. # 15 Ex. M at v. n.1 ("Excluded from Part A is a change of judge for cause, a collateral issue that triggered a special action declined by this Court and by the Supreme Court.  This issue . . . will not be addressed in the appeal since it is a collateral issue at best.").)

Petitioner, however, argues that neither the Arizona Court of Appeals nor the Arizona Supreme Court could have or would have granted relief to Petitioner on the "public trial" claim because both declined jurisdiction in Petitioner's special action.   (Dkt. # 19 at 5-6.) The Arizona Court of Appeals, however, only declined to exercise discretionary jurisdiction over the special action petition, and the Arizona Supreme Court only denied review of that decision. (*See* Dkt. # 15 Exs. H, I.)  The court of appeals' determination of whether to accept special action jurisdiction is "highly discretionary." *Pompa v. Super. Ct.*, 187 Ariz. 531, 533,

---

trial had concluded – a presentation that was required for Petitioner to properly exhaust her the claim.

- 7 -

931 P.2d 431, 433 (Ct. App. 1997). "Special action jurisdiction is reserved for extraordinary circumstances when there is no equally plain, speedy, and adequate remedy by appeal." *Jackson v. Schneider* ex rel. *Maricopa County*, 207 Ariz. 325, 327, 86 P.3d 381, 383 (Ct. App. 2004) (quotation omitted). Therefore, the court's discretionary decision to decline jurisdiction of Petitioner's special action did not affect the court's jurisdiction to hear the matter on appeal.[4] *See* Ariz. Rev. Stat. § 12-120.21 ("The court of appeals shall have . . . [a]ppellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court . . . ."). Whether Arizona courts *would have* granted relief, on the other hand, is generally not a proper inquiry in the exhaustion context. *See Engle v. Issac*, 456 U.S. 107, 130 (1982).

The Court therefore agrees with Magistrate Edmonds' conclusion that Petitioner's failure to present her "public trial" claim on direct review or in a Rule 32 petition resulted in a failure to exhaust that claim as required under the AEDPA. Likewise, because Petitioner could have presented her claim on direct appeal or possibly in a Rule 32 action,[5] Petitioner's unsupported assertions near the end of her brief that the exceptions to the exhaustion

---

[4]Petitioner also argues that "the Court of Appeals could not acquire jurisdiction of the appeal until after the conviction and sentencing had occurred and been entered with the clerk of the court." (Dkt. # 19 at 4.) However, as discussed above, the court's discretionary decision to decline jurisdiction in the special action did not necessarily mean that the court could not acquire jurisdiction over Petitioner's special action. Even if the Court were to accept Petitioner's argument, it is unavailing because Petitioner did file a special action and could have raised the issue on direct appeal. Her failure to do so cannot be excused. Petitioner "must fairly present [her] claim in each appropriate state court." *Baldwin*, 541 U.S. at 29 (quotation omitted).

[5]*See infra* Discussion Part II (discussing the possibility of Petitioner presenting her "public trial" claim in a Rule 32 action.

- 8 -

requirement apply are unavailing. Petitioner has failed to establish that "there is an absence of available state corrective process to exhaust the claim, or [that] circumstances exist which render the state process ineffective to protect Petitioner's rights." 28 U.S.C. § 2254(b)(1).

If Petitioner were now to return to state court to present her "public trial" claim, it would be precluded as untimely under the Arizona Rules of Criminal Procedure. *See infra* Discussion Part I. Petitioner's "public trial" claim is thus technically exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 732 ("[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies 'available' to him."). A claim that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman*, 501 U.S. at 750). Petitioner, however, has not demonstrated the cause and prejudice required to excuse the default in state court.

**B.     Arguments 5 - 6 – Futility of Raising the "Public Trial" Claim**

Petitioner provides explanations for her default in an attempt to demonstrate cause for failure to raise her "public trial" claim on direct appeal. Petitioner argues that raising such an issue would have been futile because: (1) the Arizona Court of Appeals could not overrule

- 9 -

the Arizona Supreme Court's order authorizing a list of pro-tempore judges to serve in the Arizona Superior Court (Dkt. # 19 at 4-5); and (2) the Arizona Supreme Court has already rejected the very claim she asserts (Dkt. # 19 at 6-7). Petitioner's arguments are without merit.

In support of her first argument, Petitioner cites *State v. Brahy*, 22. Ariz. App. 524, 529 P.2d 236 (Ct. App. 1974), where the Arizona Court of Appeals acknowledged the rule that "[t]he Court of Appeals cannot overrule or modify a decision of the Supreme Court." *Id.* at 525, 529 P.2d at 237. This rule, however, does not prevent the court of appeals from deciding whether pro tempore judges, authorized pursuant to a supreme court order, are inherently unconstitutional. Article 6, section 3, of the Arizona Constitution states that "[t]he legislature may provide for the appointment of members of the bar . . . as judges pro tempore of courts inferior to the supreme court . . . ." With this authority, the legislature passed Arizona Revised Statute § 12-241, providing that, "Upon request of the presiding judge of the superior court in any county the chief justice of the state supreme court may appoint judges pro tempore of the superior court . . . ." It is doubtful that an Arizona Supreme Court order authorizing certain pro tempore judges pursuant to these provisions qualifies as a "decision" of the supreme court in the sense intended by *Brahy* and its predecessors. *Cf. Scheehle v. Justices of the Supreme Court*, 211 Ariz. 282, 298, 120 P.3d 1092, 1108 (2005) ("Our adoption of a rule does not constitute a prior determination that the rule is valid and constitutional against any challenge. . . . Both this Court and lower Arizona courts have upheld challenges to the validity of rules promulgated by this Court in such settings."). Even so, Petitioner offers no reason why she then would be excused from raising the matter on

direct appeal and subsequently appealing any unfavorable ruling on the matter to the supreme court. *See Engle*, 456 U.S. at 130 (holding that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.") (quotation omitted); *Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988) ("[T]he apparent futility of presenting claims to state courts does not constitute cause for procedural default.").

In support of her second argument – that it would have been futile to raise her "public trial" claim in light of supreme court case law – Petitioner argues that the Arizona Supreme Court already rejected Petitioner's claim in *State v. White*, 160 Ariz. 24, 770 P.2d 323 (1989), and *State v. Prince*, 160 Ariz. 268, P.2d 1121 (1989). It appears, however, that neither of these cases address the same constitutional claim currently presented by Petitioner. Even if they did, just because the Arizona Supreme Court has previously spoken on the matter does not excuse the Petitioner's failure to adequately present the claim to the state courts. *See Smith v. Murray*, 477 U.S. 527, 535 (1986) ("Indeed, it is the very prospect that a state court may decide, upon reflection that the contention is valid that undergirds the established rule that perceived futility alone cannot constitute cause for allowing criminal defendants to deprive the state courts of the opportunity to reconsider previously rejected constitutional claims."). Petitioner's arguments, therefore, are without merit.

### C.  **Argument 7 – Direct Appeal and "Fair Presentation"**

Petitioner impliedly argues that she properly presented her "public trial" claim to the court of appeals in her direct review petition by including the following language in her brief: "Excluded from Part A is a change of judge for cause, a collateral issue that triggered a

- 11 -

special action declined by this Court and by the Supreme Court. This issue . . . will not be addressed in the appeal since it is a collateral issue at best." (Dkt. # 19 at 5 (citing Dkt. # 15 Ex. M at v. n.1).) What Petitioner now argues was proper presentation of her "public trial" claim, was her own express and unambiguous language that notified that Arizona Court of Appeals that she was not pursuing such a claim in her direct appeal. Even if such language could be considered a presentation to the court of Petitioner's objection to the pro-tempore judge, it is not the fair presentation required.

A prisoner does not "fairly present" a federal claim to the appropriate state courts unless he "explicitly indicated" that "the claim was a *federal* one[.]" *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001) (emphasis in original); *see Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.") (citing *Picard*, 404 U.S. 270); *Hiivala*, 195 F.3d at 1106 ("To 'fairly present' his federal claim to the state courts, Hiivala had to alert the state courts to the fact that he was asserting a claim under the United States Constitution.") (citing *Duncan*, 513 U.S. at 365). Here, Petitioner did not fairly present her "public trial" claim as a *federal* one in state court because she did not cite to any specific provision of the federal constitution or to any federal statute or case law relevant to her "public trial" claim. *See id.*; *Lyons*, 232 F.3d at 670 ("Lyons failed in state court to identify explicitly the claims at issue as *federal* claims, in that he cited neither provisions of federal law nor decisions of federal courts[.]"); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) ("Gatlin's petition for review to the California

Supreme Court did not 'fairly present' his due process identification claim.  While Gatlin adequately described the factual basis for his claim, he nowhere identified the federal legal basis for his claim."). Therefore, Petitioner's argument is without merit.

### D.     Argument 8 – Waiver of the Exhaustion Requirement

Petitioner argues that Respondents "waived the exhaustion requirement when [they] responded to the merits of the Petitioner's ["public trial"] claim." ( Dkt. # 19 at 11.) In their response to the petition for habeas corpus, Respondents cite to a case discussing the meaning of the Sixth Amendment right to a public trial. (*See* Dkt. # 15 at 11.) This reference to the merits of Petitioner's claim, however, was merely included within the context of Respondents' argument that Petitioner did not present the factual or legal basis for her "public trial" claim to the Arizona courts.  Petitioner's argument, therefore, has no merit.

## II.    Respondents' Objections

While Respondents agree with Judge Edmonds "that the petition should be dismissed," they object to Magistrate Edmonds' "conclusion that the Petitioner's remaining ["public trial"] claim is not procedurally defaulted."  (Dkt. # 18 at 1.)  However, Magistrate Edmonds did not conclude, as Respondents suggest, that Petitioner's public trial claim was *not* procedurally defaulted. Rather, she stated that "the court does not conclude [that the "public trial" claim] is procedurally defaulted" and left the issue open citing to case law suggesting that Arizona state courts are better able to make such a determination.[6]  (Dkt. #

---

[6]This mischaracterization is also stated by Petitioner.  In summarizing the conclusions of the R&R, Petitioner states that Magistrate Edmonds "concluded that further action remained to Petitioner, whose claim was of sufficient constitutional magnitude to enable Kajander to file a Rule 32 petition in the state court where Respondent would have to prove procedural default to terminate further claim action by Kajander."  (Dkt. # 19 at 1-2.)  To

- 13 -

17 at 6.) Magistrate Edmonds' decision to leave the default issue open stems from the "sufficient constitutional magnitude" exception, *see* Ariz. R. Crim. P. § 32.2 cmt., to the general rule that a defendant may not raise any ground for relief in a Rule 32 petition that could have been raised in the direct appeal or other collateral proceeding, *see* Ariz. R. Crim. P. § 32.2. Because of the "fact-intensive" nature of this inquiry, *Cassett v. Stewart*, 406, F.3d 614, 622 (9th Cir. 2005), Magistrate Edmonds wisely reserved the issue for the Arizona courts to address. In their objections, Respondents argue that the "sufficient constitutional magnitude" exception is inapplicable on the facts of this case and also raise a new argument – that a finding of procedural default is proper because the "public trial" claim is time-barred pursuant to Arizona Rule of Criminal Procedure 32.4(a). (Dkt. # 18 at 3.) The Court concurs with Magistrate Edmonds' approach to the "sufficient constitutional magnitude" exception, however, in light of Respondents' Rule 32.4(a) timeliness argument, the Court need not determine whether the "sufficient constitutional magnitude" exception applies.

In non-capital cases, Arizona Rule of Criminal Procedure 32.4(a) requires that "the [Rule 32] notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." A Rule 32 "notice not timely filed may only raise claims pursuant to Rule 32.1(d) through (h)." Ariz. R. Crim. P. 32.4(a); *see also State v. Rosario*, 195 Ariz. 264, 266, 987 P.2d 226, 228 (Ct. App. 1999) (holding that where petition did not raise claims

---

clarify, the R&R *did not* conclude that "further action remained" or that Petitioner's claim "was of sufficient constitutional magnitude to enable . . . a Rule 32 petition." Rather, the R&R merely concluded that the issues of procedural default and whether the "sufficient constitutional magnitude" exception could be applied would not be decided.

- 14 -

pursuant to Rule 32.1 (d) through (g), the petition could be summarily dismissed if untimely). Here, Petitioner's "public trial" claim does not fall within the scope of the exceptions enumerated in Rule 32.1(d), (e), (f), (g), or (h).[7] Consequently, Petitioner is bound by the time constraints set forth in Rule 32.4(a).

Here, the Arizona Supreme Court denied review of Petitioner's direct appeal on June 27, 2007. (Dkt. # 15 Ex. Q.) The Arizona Court of Appeals subsequently stayed the issuance of the mandate until December 14, 2007. (*Id.* Exs. R, S.) The court ultimately filed the order and mandate on January 2, 2008. (Dkt. # 18 Ex. X.)[8] According to Rule 32.4(a), and even assuming that the "sufficient constitutional magnitude" exception applies, Petitioner was only entitled to file a Rule 32 petition asserting her "public trial" claim until February 2, 2008 – thirty days after the issuance of the direct appeal order and mandate.

Procedural default may occur if a claim is not presented to the state court and it is clear that the state would refuse to address the merits of the claim for procedural reasons.

---

[7] Arizona Rules of Criminal Procedure 32.4(a) and 32.1(f) permit untimely filing of claims in a Rule 32 petition if "[t]he defendant's failure to file a . . . notice of appeal within the prescribed time was without fault on the defendant's part." Petitioner has made no argument or showing that this exception applies. Indeed, in response to Magistrate Edmonds' suggestion that Petitioner attempt to present her claim to the Arizona Court of Appeals in a Rule 32 petition, Petitioner states, "[N]o thanks! [The] claim belongs in district court for relief." (Dkt. # 19 at 8.) Therefore, the Court finds the exception inapplicable.

[8] Federal Rule of Civil Procedure 72 permits a district judge to "receive further evidence" when resolving objections made to a magistrate judge's disposition. Fed. R. Civ. P. 72(b)(3). With their objections, Respondents filed a copy of the Arizona Court of Appeal's order and mandate which was issued at the conclusion of Petitioner's direct appeal and petition for review. (Dkt. # 18 Ex. X.) On January 23, 2009, Petitioner filed a motion to strike Exhibit X (Dkt. # 22) because it "is not relevant to either the report and recommendation of Magistrate Judge Edmonds or to the Petitioner's Writ of Habeas Corpus . . . ." (Dkt. # 22 at 1.) The motion is denied because Exhibit X is relevant to whether Petitioner's "public trial" claim is procedurally defaulted.

- 15 -

*Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Because Petitioner's "public trial" claim is time-barred under Arizona law, it is now procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (finding habeas corpus claims procedurally defaulted where the claims were time-barred under state law); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (finding habeas corpus claims procedurally defaulted where the claims were time-barred under Arizona law).

Accordingly, the Court finds Petitioner's "public trial" claim is procedurally defaulted.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Report and Recommendation (Dkt. # 17) is **ADOPTED** with an additional determination that Petitioner's "public trial" claim is procedurally defaulted.

**IT IS FURTHER ORDERED** that Petitioner's Writ of Habeas Corpus (Dkt. # 1), filed pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike (Dkt. # 22) is **DENIED**.

DATED this 30th day of January, 2009.

G. Murray Snow
United States District Judge

- 16 -