**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| SONJA KAJANDER, | ) | No. CV-08-1172-PHX-GMS (GEE) |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| THERESA SCHROEDER, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Pending before the Court is the Motion to Alter or Amend the Judgment of Petitioner Sonja Kajander, filed pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. # 31.) For the following reasons, the Court denies Petitioner's motion.

**BACKGROUND**

On May 27, 2005, Petitioner was found guilty of aggravated driving while under the influence of intoxicating liquor or drugs. On July 8, 2005, Petitioner was sentenced to ten years imprisonment pursuant to her conviction. On June 25, 2008, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) Magistrate Glenda E. Edmonds issued a Report and Recommendation ("R&R") recommending that the Petition be denied and dismissed. (Dkt. # 17.) On January 30, 2009, the Court denied and dismissed

the Petition with prejudice.  (Dkt. # 29.)  Pursuant to Federal Rule of Civil Procedure 59(e), Petitioner now moves to alter or amend the judgment.  (Dkt. # 31.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law."  *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) ("There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law.") (internal quotations omitted).  "A motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through – rightly or wrongly."  *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)); *see also Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 705 F. Supp. 6, 7 (N.D. Ill. 1983) (holding that an appeal, rather than a motion for reconsideration, is the appropriate vehicle for asserting a district court's "error on the issues it had considered fully and spoken to in detail" in an order).

**DISCUSSION**

In her motion, Petitioner presents no new evidence to support her claims, does not argue that alteration is required to prevent manifest injustice, and fails to present any intervening change in controlling law. Petitioner argues only that alteration of the judgment is warranted based on errors of law and fact upon which the judgment is based.

Petitioner argues that the judgment should be altered because: (1) the Court's conclusion that Petitioner's special action and subsequent appeal to the Arizona Supreme Court fall outside of the normal review process and may not be used for federal habeas exhaustion purposes is "contrary to law" (Dkt. # 31 at 2-4); (2) the Court's conclusion that Petitioner did not fully and fairly present her "public trial" claim by direct appeal is in error (*id.* at 4-9); and (3) the Court chose to disregard the argument that the direct appeal judges lacked jurisdiction to review or change the previous ruling of the court of appeals panel which possessed identical jurisdiction over Petitioner's special action (*id.* at 9-10). Respondents contend that Petitioner's arguments "are essentially the same arguments Petitioner made when [s]he objected to Magistrate Edmonds' [R&R]" and are thus not appropriate under Rule 59(e). (Dkt. # 32 at 1.) While there is merit to Respondents' contention, the Court will nevertheless address each of Petitioner's arguments.

**I.    Petitioner's Special Action**

Petitioner first contends that the Court erred in concluding that her special action and subsequent appeal to the Arizona Supreme Court "fall outside of the normal review process and may not be used for federal habeas exhaustion purposes." (Dkt. # 31 at 2.) In support of her position, Petitioner has essentially reiterated the same arguments asserted in her

objections to the R&R, arguments that were previously addressed in detail by the Court and which are better suited for appeal.

In addressing these very arguments, the Court stated:

> Petitioner's special action and resulting appeal to the Arizona Supreme Court, in which her "public trial" claim was raised, did not satisfy the requirement that Petitioner "must 'fairly present' [her] claim in each appropriate state court (including a state supreme court with powers of discretionary review)." *Baldwin*, 541 U.S. at 29 (citing *Duncan*, 513 U.S. at 365; *O'Sullivan*, 526 U.S. at 845). "Claims are not fairly presented if they are raised in a procedural context in which the merits will not be considered absent special circumstances." (Dkt. # 17 at 4 (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989).) Therefore, the Court agrees with Magistrate Edmonds' conclusion that Petitioner's special action and subsequent appeal to the Arizona Supreme Court "fall outside of the normal review process and may not be used for federal habeas exhaustion purposes." (Dkt. # 17 at 5.); *see also* Ariz. R. Spec. Actions § 1 ("Except as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal."); *Burns v. McFadden*, 34 Fed. Appx. 263, 265 (9th Cir. 2002) (holding that a habeas petitioner did not exhaust state remedies by presenting his claim in a petition for special action); *Little v. Schriro*, No. CV-06-2591-PHX-FJM, 2008 WL 2115230, at *12 (D. Ariz. May 19, 2008) (same); *Craig v. Schriro*, CV-06–0626-PHX-PGR, 2006 WL 2872219, at *10 (D. Ariz. Oct. 5, 2006) (same); *Rodriquez v. Klein*, No. CV05 3852PHX-NVW, 2006 WL 1806020, at *4 (D. Ariz. June 28, 2006) (same). Here, Petitioner expressly chose not to pursue the "public trial" claim on direct appeal even though she could have presented the claim. (*See* Dkt. # 15 Ex. M at v. n.1 ("Excluded from Part A is a change of judge for cause, a collateral issue that triggered a special action declined by this Court and by the Supreme Court. This issue . . . will not be addressed in the appeal since it is a collateral issue at best.").)

(Dkt. # 29 at 6-7.)

Petitioner contends that, pursuant to Arizona Rule of Criminal Procedure 10.4, her

- 4 -

challenge to the trial court judge would have been waived if she had not raised it by special action. Even accepting this characterization of the Rule 10.4 as correct, however, Petitioner fails to explain why she then would be exempt from asserting her "public trial" claim on direct appeal, especially in light of the fact that the Arizona Court of Appeals declined discretionary jurisdiction over the claim and the Arizona Supreme Court declined review of that decision. Indeed, neither the court of appeals nor the supreme court reached the merits of Petitioner's claim in her special action.

As the Court previously explained, claims are not fairly presented if they are raised in a procedural context in which the merits will not be considered absent special circumstances. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see, e.g.*, *Burns v. McFadden*, 34 Fed. Appx. 263, *265 (9th Cir. 2002) (holding that a habeas petitioner did not exhaust state remedies by presenting his claim in a petition for special action); *Little v. Schriro*, No. CV-06-2591-PHX-FJM, 2008 WL 2115230, at *12 (D. Ariz. May 19, 2008) (same); *Craig v. Schriro*, CV-06–0626-PHX-PGR, 2006 WL 2872219, at *10 (D. Ariz. Oct. 5, 2006) (same); *Rodriquez v. Klein*, No. CV05 3852PHX-NVW, 2006 WL 1806020, at *4 (D. Ariz. June 28, 2006) (same). Petitioner's special action, as the name implies, was a procedural vehicle for presenting claims in special circumstances. *See* Ariz. R. Spec. Actions § 1 ("Except as authorized by statute, the special action shall not be available where there is an equally plain, speedy, and adequate remedy by appeal."). Therefore, even if Petitioner is correct in arguing that her claim would have been waived had she not filed a special action, this does not excuse Petitioner from the requirement that she fully and fairly present her "public trial" claim to the Arizona courts. Her failure to do so constitutes a failure to exhaust

- 5 -

her "public trial" claim.

## II. Fair Presentation on Direct Appeal

Second, Petitioner argues that she did properly present her "public trial" claim to the court of appeals in her direct review petition. (Dkt. # 31 at 4-9.) Petitioner asserts that, despite her explicit and unambiguous statement in her direct appeal brief that her "public trial" claim "will not be addressed in the appeal since it is a collateral issue at best," she has nevertheless fairly presented the issue because "she was blessed by the assistance of the Court of Appeals and the State's attorney" who both referred to her special action at some point in various memoranda. (Dkt. # 31 at 8-9.) The mere mention, however, of Petitioner's special action in these memoranda, however, does not satisfy the requirement that *Petitioner* fairly present her claim to the state courts. Indeed, *Petitioner* must explicitly alert the state court that she is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004). Here, Petitioner essentially concedes that *her* "presentation alone [was] not the fair presentation required." (Dkt. # 31 at 8.) The mere fact that third parties or the court mention another document that presented a specific claim in another context simply cannot overcome Petitioner's unambiguous statement that she is not raising that claim in her appeal.

Petitioner also argues that her "public trial" claim was fairly presented to the Arizona Court of Appeals on direct appeal as part of "Issue 6." (Dkt. # 31 at 4-6.) In her opening brief on direct appeal, Petitioner formulated "Issue 6" as follows: "Whether the 'being under the influence of drugs' phase of the Defendant's September 8, 2004 preliminary hearing was a 'constitutional sham' based on the prosecutor's bad faith presentation of 'unreliable

- 6 -

hearsay' evidence." (Dkt. # 15 Ex. M at 16-17.)

Petitioner now argues that, because she referred to the Due Process Clause in connection with "Issue 6," she raised her "public trial" claim as well because her "public trial" claim also implicates the Due Process Clause. Petitioner's argument has no merit. *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) ("[C]itation of a relevant federal constitutional provision in relation to some other claim does not satisfy the exhaustion requirement."); *Weaver v. Thompson*, 197 F.3d 359, 366 (1995) ("The state courts have been given a sufficient opportunity to hear and issue when the petitioner has presented the state court with the issue's factual and legal basis."). Here, while the "public trial" claim and "Issue 6" may both implicate the Due Process Clause, this fact alone is insufficient to support the conclusion that by fairly presenting one claim on direct appeal, the other, with a different factual basis, is implicitly presented.

## III.  **Special Action Jurisdiction**

Finally, Petitioner argues that the Court chose to disregard the argument that:

> [T]he Court of Appeals direct appeal judges were without jurisdiction to review or change the previous ruling of the special action Court of Appeals panel possessing identical jurisdiction, much less the decision of the Supreme Court panel of justices who denied review of the special action decision on May 2, 2005.

(Dkt. # 31 at 9-10.) The Court, however, did address Petitioner's argument:

> Petitioner, however, argues that neither the Arizona Court of Appeals nor the Arizona Supreme Court could have or would have granted relief to Petitioner on the "public trial" claim because both declined jurisdiction in Petitioner's special action. (Dkt. # 19 at 5-6.) The Arizona Court of Appeals, however, only declined to exercise discretionary jurisdiction over the

special action petition, and the Arizona Supreme Court only denied review of that decision. (*See* Dkt. # 15 Exs. H, I.) The court of appeals' determination of whether to accept special action jurisdiction is "highly discretionary." *Pompa v. Super. Ct.*, 187 Ariz. 531, 533, 931 P.2d 431, 433 (Ct. App. 1997). "Special action jurisdiction is reserved for extraordinary circumstances when there is no equally plain, speedy, and adequate remedy by appeal." *Jackson v. Schneider* ex rel. *Maricopa County*, 207 Ariz. 325, 327, 86 P.3d 381, 383 (Ct. App. 2004) (quotation omitted). Therefore, the court's discretionary decision to decline jurisdiction of Petitioner's special action did not affect the court's jurisdiction to hear the matter on appeal. *See* Ariz. Rev. Stat. § 12-120.21 ("The court of appeals shall have . . . [a]ppellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court . . . ."). Whether Arizona courts *would have* granted relief, on the other hand, is generally not a proper inquiry in the exhaustion context. *See Engle v. Issac*, 456 U.S. 107, 130 (1982).

(Dkt. # 29 at 7-8 (footnote omitted).)

## CONCLUSION

Because the judgment in this case was not predicated upon any manifest errors of law or fact:

**IT IS HEREBY ORDERED** that the Motion to Alter or Amend the Judgment (Dkt. # 31) is **DENIED**.

DATED this 19th day of March, 2009.

_____
G. Murray Snow
United States District Judge

- 8 -